UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-5, KAYLOR BROWN,

    Defendant.

                              /

Case No. 2:17-cr-20053

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS [141]**

On June 9, 2016 at 3:20 a.m., Ohio State Highway Patrol Troopers Brown and Jesse pulled over a vehicle driven by Defendant Kaylor Brown for potential traffic violations. The car was also occupied by a passenger, Ruby Freeman. After the officers asked a series of questions and about fifteen minutes had passed, a K-9 drug unit detected and consequently revealed a large amount of cocaine in the vehicle. Brown moves to suppress the evidence on several constitutional grounds. But because Brown lacked standing in the vehicle, the Court will deny his motion to suppress.

"[A]s a general rule, an unauthorized driver of a rental vehicle does not have a legitimate expectation of privacy in the vehicle, and therefore does not have standing to contest the legality of a search of the vehicle." *United States v. Smith*, 263 F.3d 571, 586 (6th Cir. 2001). The general rule, however, is not a "bright line" or "rigid" test. *Id.* Courts "must determine whether" an unauthorized driver "had a legitimate expectation of privacy which was reasonable in light of all the surrounding circumstances." *Id.* Factors courts may consider include:

> 1) whether the defendant was a properly licensed driver, who could legally drive the car in question;
>
> 2) whether the defendant was able to present the officer with a rental agreement and provide the officer with sufficient information regarding the car;

1

> 3) whether the defendant driver can identify some related individual who gave him possession of the vehicle or whether the purported authorized driver is an "unrelated third party";
>
> 4) whether the defendant's related party had given him permission to drive the vehicle; and
>
> 5) "most significantly," whether the defendant had a business relationship with the rental company such as having made a reservation, or presented it with a credit card number.

*United States v. Hermiz*, 42 F. Supp. 3d 856, 864 (E.D. Mich. 2014) (citing *Smith*, 263 F.3d at 586). The burden of persuasion rests with the defendant. *Smith*, 263 F.3d at 582 (citing *United State v. Salvucci*, 448 U.S. 83, 86 (1980)).

Here, Brown was not authorized as a driver of the car, which was owned by a rental company. (3:21:09–12).[1] The Court must accordingly conduct the *Smith* analysis. As to the first factor, both Brown and Freeman presented their driver's license. (3:20:18–19, 3:21:44–45). Defendant, however, fails to carry his burden of persuasion for the other four factors. Neither the defendant nor Freeman could present a rental agreement because it was not in the car. (3:21:25–33). Furthermore, Brown said only that the car was a rental, that his own was in the shop, and that the rental was in Freeman's name. No other details were provided, like the name of the rental company, the duration of the rental, or why Freeman rented a car for Brown when his car was in the shop. The officers could not, therefore, verify whether Freeman was actually the authorized driver of the vehicle who was able to give Brown possession of the car, and permission to drive it. Further, Brown has not to date presented a rental agreement to the Court.

---

[1] The Government's Exhibit 4, ECF 150, is a CD containing dash cam video from the stop. For ease, the Court will cite to the time stamp of the exhibit—just as Defendant did in his motion.

Moreover, in *Smith*, the court emphasized that the authorized driver was the wife of the unauthorized-driver defendant. *See United States v. Holloway*, No. 05-80659, 2006 WL 2946788, at *2 (E.D. Mich. Oct. 16, 2006) (noting the Sixth Circuit "placed special emphasis on the defendant's 'intimate relationship' with his wife"). Here, although Brown may be able to provide some information about his girlfriend, Freeman, she is still an "unrelated third party." *Smith*, 263 F.3d at 586. And the relationship between a man and his girlfriend is likely not as "intimate" as that between husband and wife. For example, Freeman was unable to recount basic details about Brown's cousin with whom they had allegedly spent the evening in Toledo. ECF 147-4, PgID 825.

Even if Freeman and Brown had an "intimate relationship" similar to that of a husband and wife, and Freeman gave Brown permission to drive the car—as Brown represented (3:21:09–10)—the fifth and "most significant" factor is lacking. There is no evidence that Brown had a business relationship with the rental company. The record is bereft of facts indicating that Brown's situation is "truly unique," like that of the defendant in *Smith*. Defendant fails to carry his burden to persuade that his situation was truly unique and thus falls outside the exception outlined in *Smith*. The general rule that unauthorized drivers lack standing to challenge the search of the vehicle applies to Brown.

**WHEREFORE**, it is hereby **ORDERED** that Defendant Brown's motion to suppress [141] is **DENIED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
Dated: April 6, 2018    United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 6, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager