UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-5 KAYLOR BROWN,

        Defendant.

                                       /

Case No. 2:17-cr-20053-05

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING DEFENDANT'S MOTION
FOR IMMEDIATE RELEASE TO HOME CONFINEMENT
PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) AND THE CARES ACT [333]**

On June 5, 2020, Defendant Kaylor Brown filed a motion for release pursuant to the First Step Act's compassionate release provision, 18 U.S.C. § 3582, and the CARES Act. ECF 333. Defendant represented that he is particularly susceptible to COVID-19 because he is African-American. *Id.* at 1984. The Court is aware of the extent of the current COVID-19 pandemic and its toll throughout the nation, particularly on minority populations, but it cannot release Defendant because: (1) it does not have the authority to modify Defendant's sentence under the CARES Act, and (2) Defendant did not meet the administrative exhaustion requirements to be eligible for compassionate release.

First, the Court cannot resentence Defendant to home confinement under the CARES Act. "[T]here is no inherent authority for a district court to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). And it is well established that "under the CARES Act, the authority to transfer

a prisoner to home confinement remains squarely allocated to the" Bureau of Prisons ("BOP"). *United States v. Oliver*, No. 2:17-cr-20489, 2020 WL 2768852, at *3 (E.D. Mich. May 28, 2020) (collecting cases) (internal quotations omitted). The Court therefore has no authority under the CARES Act to release Defendant to home confinement, and to the extent his motion requested such relief, it will be denied.

Unlike the CARES Act, however, the compassionate relief provision of the First Step Act does permit the Court to modify Defendant's sentence. But the Court may only modify a sentence if Defendant: (1) exhausted all his administrative remedies, or (2) requested that the BOP bring a motion on his behalf and the BOP failed to act on his request for at least thirty days. 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is a "mandatory condition" and Defendant must "'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison." *United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)) (alterations in original). Here, Defendant made no requests to the BOP and therefore failed to exhaust his administrative remedies. Instead, he argued that the Court should ignore the administrative remedy requirement of the First Step Act. ECF 333, PgID 1986–89; *see also* ECF 339, PgID 2173. But ignoring the exhaustion requirement, as Defendant suggests, would directly contradict Sixth Circuit precedent that "a court may not grant relief without complying with the exhaustion requirement" in the First Step Act. *See Alam*, 2020 WL 2845694, at *3 (quotation omitted). The Court will therefore

2

deny Defendant's motion without prejudice. He may refile his motion after he has exhausted his administrative remedies.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for immediate release to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A) and the CARES Act [333] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 19, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 19, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager